**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOAQUIN D. VARGAS, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>CORRECTIONAL HEALTHCARE )<br>MANAGEMENT OF OKLAHOMA, )<br>INC., )<br>)<br>Defendant. ) | Case No. CIV-06-498-F |

**ORDER**

On December 11, 2006, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation, wherein he recommended that plaintiff's cause of action under 42 U.S.C. § 1983 against defendant, C.H.M. Medical Contractors, be dismissed without prejudice for failure to effect timely service of process under Fed. R. Civ. P. 4(m).

On December 21, 2006, the court entered an order deferring ruling on the Supplemental Report and Recommendation. The court granted plaintiff leave to name Correctional Healthcare Management of Oklahoma, Inc. as defendant and also granted plaintiff an additional 60 days from the date of the order to effect service of process on Correctional Healthcare Management of Oklahoma, Inc. The court advised that if service was not effected within 60 days, the court would accept, adopt, and affirm the Supplemental Report and Recommendation, and this action would be dismissed without prejudice.

The court record reflects that service was timely effected upon defendant. On March 9, 2007, defendant filed a special report and a motion to dismiss. In light of the effected service and the filing of defendant's special report and motion to dismiss, the court declines to accept the Supplemental Report and Recommendation. The court shall re-refer this matter to Magistrate Judge Purcell for further proceedings.

Although the court, in its December 21, 2006 order, granted plaintiff leave to name Correctional Healthcare Management of Oklahoma, Inc. as defendant, plaintiff filed a Motion to [A]mend Complaint on January 8, 2007, seeking leave to correctly name Correctional Healthcare Management of Oklahoma, Inc. as defendant. Because the court has already granted plaintiff leave to name Correctional Healthcare Management of Oklahoma, Inc. as defendant, the court concludes that it is not necessary for plaintiff to correctly name Correctional Healthcare Management of Oklahoma, Inc. as defendant. The court also concludes that it is not necessary for an amended complaint to be filed to reflect Correctional Healthcare Management of Oklahoma, Inc. as the correctly named defendant. Plaintiff's complaint is deemed amended by the court's order of December 21, 2006. The court therefore concludes that plaintiff's motion should be denied as moot.

On January 30, 2007, plaintiff filed a motion seeking information from defendant as to names, titles and dates of employment of individuals who were in a position to withhold medical treatment from him on March 9, 2005. In light of the filing of defendant's special report, the court concludes that plaintiff's motion should be denied without prejudice to re-urging at a later date, if appropriate.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell on December 11, 2006 (doc. no. 17) is **DECLINED**.

IT IS ALSO ORDERED that plaintiff's Motion to [A]mend Complaint, filed January 8, 2007 (doc. no. 20), is **DENIED** as **MOOT**. Plaintiff's complaint is deemed amended by the court's December 21, 2006 order to reflect the correctly named defendant as Correctional Healthcare Management of Oklahoma, Inc.

IT IS ADDITIONALLY ORDERED that plaintiff's Motion, filed January 30, 2007 (doc. no. 23), is **DENIED** without prejudice to re-urging at a later date, if appropriate.

IT IS FURTHER ORDERED that this matter is re-referred to United States Magistrate Judge Gary M. Purcell in accordance with the court's prior order of referral dated May 5, 2006 (doc. no. 5).

DATED March 12, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0498p006(pub).wpd