IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOAQUIN D. VARGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-06-498-F |
| v. ) | |
| ) | |
| CORRECTIONAL HEALTHCARE ) | |
| MANAGEMENT OF OKLAHOMA, INC. ) | |
| ) | |
| Defendant. ) | |

SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee[1] appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint filed May 5, 2006, Plaintiff alleges he was denied medical attention for a "bullet wound 17 days old infected" when he was brought to the Oklahoma County Detention Center on March 9, 2005, following his arrest. Plaintiff names as the sole Defendant the private contractor which provides medical services for the Oklahoma County Detention Center ("OCDC"). Plaintiff admits in the Complaint that he was transported "to an outside hospital" the following day for medical treatment, but Plaintiff seeks $100,000.00 in compensatory damages for the alleged

---

[1]Public records maintained by the District Court of Oklahoma County reflect that Plaintiff is being detained on numerous felony, habitual offender charges, including armed robbery and first degree murder. <http://www.oscn.net> (docket sheets for State of Oklahoma v. Joaquin Dominguez Vargas, Case Nos. CF-2005-1361, CF-2005-1673, CF-2005-1677, and CF-2005-1815 accessed April 5, 2007).

1

deprivation of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

Defendant was served with process on January 9, 2007, and on March 9, 2007, Defendant filed a Motion to Dismiss for Failure to State a Claim and in the alternative Motion for Summary Judgment and Brief in Support ("Defendant's Motion"). (Doc. # 26). In an Order entered March 13, 2007, Plaintiff was advised of his obligations in responding to the dispositive motion under Fed. R. Civ. P. 56 and Local Civil Rules 7.2 and 56.1, see Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991), and given until April 2, 2007, to respond to Defendant's Motion. Plaintiff was further advised that his failure to respond to Defendant's Motion could result in dismissal of the action pursuant to Local Civil Rule 7.2(f). To this date, however, Plaintiff has failed to respond to Defendant's Motion, and the time period for filing a response has expired.

Although the Court could find that Defendant's Motion, to the extent Defendant's Motion seeks dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., is deemed confessed as a result of Plaintiff's failure to respond to the Motion, the undersigned has undertaken a review of the merits of Plaintiff's claim in resolving Defendant's Motion seeking summary judgment pursuant to Fed. R. Civ. P. 56 and declines to dismiss the cause of action under Local Civil Rule 7.2(f) or Fed. R. Civ. P. 12(b). For the following reasons, it is recommended that Defendant's Motion for Summary Judgment be granted.

I. Standard of Review

Summary judgment may be granted only where the pleadings and any supporting

documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A Martinez[2] report is treated as an affidavit, and the plaintiff's complaint is treated as an affidavit as well if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall v. Bellmon, 935 F.2d at 1111.

II. Deliberate Indifference to Serious Medical Needs

State pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Accord, Lopez v.

---

[2]In Martinez v. Aaron, 570 F.3d 317 (10th Cir. 1978), the Tenth Circuit Court of Appeals established guidelines for the filing of a special report by the appropriate prison or jail authorities elucidating the factual background and subject matter of prisoners' civil rights complaints.

LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999)("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment."). These due process protections are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Mass. General Hospital, 463 U.S. 239, 244 (1983). "Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(citation omitted).

The Eighth Amendment "imposes duties on [prison and jail] officials who must provide humane conditions of confinement; prison [and jail] officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)). See Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980)(states must provide their inmates with "reasonably adequate ventilation, sanitation, bedding, hygiene materials, and utilities (*i.e.*, hot and cold water, light, heat, and plumbing)"), cert. denied, 450 U.S. 1041 (1981). The Supreme Court's opinion in Farmer provides the framework for evaluating Plaintiff's claims.

To prevail on a claim of failure to protect or provide medical care under the Eighth Amendment, an inmate must show he was "incarcerated under conditions posing a substantial risk of serious harm," and that the prison or jail officials were deliberately indifferent to the inmate's health or safety. Farmer, 511 U.S. at 834, 837. "'[D]eliberate indifference' is a stringent standard of fault." Bd. of County Comm'rs of Bryan County v.

Brown, 520 U.S. 397, 410 (1997). Prison or jail officials cannot be found liable under this standard unless they subjectively knew of and disregarded an excessive risk to the inmate's health or safety by failing to take reasonable measures to abate the risk. Farmer, 511 U.S. at 837, 847. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). Moreover, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Id.

Plaintiff appears to be alleging that Defendant is liable for damages because of a delay in providing Plaintiff with necessary medical treatment for his 17-day-old bullet wound. "A delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)(internal quotation and citation omitted). Thus, the issue raised by Defendant's Motion for Summary Judgment is whether the evidence submitted by the parties creates a material issue of fact concerning delay in providing medical treatment resulting in substantial harm to the Plaintiff.

III. Undisputed Facts

There is no dispute between the parties as to the following material facts:

1. Plaintiff was received at OCDC on March 9, 2005, at 8:20 p.m., at which time he was examined by Defendant's medical personnel, a licensed practical nurse.

2. During this examination, Plaintiff's gunshot wound was noted by the nurse on the form

completed with respect to the examination, and Plaintiff denied any physical distress.

3. Plaintiff had been wounded approximately 17 days prior to his arrest.

4. Plaintiff was referred by the nurse for further examination of his wound and was advised concerning how to access additional medical care if needed.

5. The Defendant's staff physician, Dr. Charles Harvey, was notified by the nurse, and the physician prescribed pain and antibiotic medication on March 9, 2005.

6. Plaintiff's bullet wound was examined again by medical personnel at OCDC on March 10, 2005, at 2:00 p.m.

7. After this second examination, Plaintiff was referred to Dr. Harvey for further evaluation of the bullet wound.

8. Plaintiff was examined by Dr. Harvey on March 10, 2005, at 2:10 p.m., and Dr. Harvey diagnosed a possible abscess or hernia in Plaintiff's right scrotum. At that time, Plaintiff was transported to an emergency room for further evaluation by Dr. Harvey.

9. Pain medication was prescribed for Plaintiff on March 10, 2005. Pain and antibiotic medications were prescribed for Plaintiff on March 11, 2005, as well as daily topical antibiotic "wound care."

IV. Analysis

The undisputed facts reflect that there is no material issue of fact for trial with respect to Plaintiff's claim of a constitutional deprivation stemming from Defendant's denial of or delay in providing medical treatment for Plaintiff's bullet wound. The undisputed facts show that the Plaintiff's bullet wound was examined by Defendant's medical staff on the day of

Plaintiff's admission to OCDC, that the examining nurse referred Plaintiff for further evaluation of the bullet wound, that antibiotic and pain medications were prescribed at the time of the initial evaluation, that Plaintiff did not indicate he was in physical distress, that Plaintiff was advised as to how he could request medical treatment, that the following day the wound was examined by Defendant's staff physician, and that Plaintiff was then transported to an emergency room for further evaluation and medical treatment of the wound.

There is no evidence creating an inference that any employee of Defendant was deliberately indifferent to Plaintiff's need for medical treatment for his infected bullet wound. Plaintiff does not allege, and there is no evidence, that the less-than-24-hour delay in transporting him to a hospital for further evaluation and medical treatment caused him substantial harm. Viewing the undisputed facts in the light most favorable to the Plaintiff, Defendant is entitled to summary judgment concerning Plaintiff's claim for damages for deprivation of his due process rights. Accordingly, Defendant's Motion seeking summary judgment pursuant to Rule 56, Fed. R. Civ. P., should be granted and judgment should issue in Defendant's favor.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant's Motion for Summary Judgment should be granted and judgment should issue in favor of Defendant. Plaintiff is advised of his right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by ___April 26th___, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely

objection to this Second Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___6th___ day of ___April___, 2007.

_/s/ Gary M. Purcell_
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE